UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUDITH L. STONE,

     Plaintiff,

vs.                                 Case No. 8:04-CV-1486-T-EAJ

JO ANNE B. BARNHART,
Commissioner of
Social Security,

     Defendant.

_____/

**FINAL ORDER**

Plaintiff brings this action pursuant to the Social Security Act ("the Act"), as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for a period of disability and disability insurance benefits ("DIB").[1]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case.

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Dkt. 7).

applicable legal standards.  <u>See</u> 42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  <u>Bloodsworth v. Heckler</u>, 703 F.2d 1233, 1239 (11th Cir. 1983).  If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner.  <u>See</u> <u>Goodley v. Harris</u>, 608 F.2d 234, 236 (5th Cir. 1979).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard.  <u>See</u> <u>Davis v. Shalala</u>, 985 F.2d 528, 534 (11th Cir. 1993).  If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required.  <u>See</u>, <u>e.g.</u>, <u>Jamison v. Bowen</u>, 814 F.2d 585, 588 (11th Cir. 1987).

## I.

Plaintiff alleges an onset of disability on March 2, 1995 due to depression, fatigue, severe back pain, sciatic nerve pain, right shoulder pain, and back and leg muscle spasms. (T 14)  Forty-three years old at the time of the hearing before the ALJ, Plaintiff has a high school education and has past relevant work as an office manager and clerk. (T 13)  A hearing was held before the ALJ on May 7, 2003. (T 209-241)

In the May 29, 2003 decision denying benefits, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date but was on a job search prior to her date last insured ("DLI"). (T 17)   The ALJ found Plaintiff continued to meet the insured requirements of the Act through December 31, 2000.   (Id.)   The ALJ found that Plaintiff has the following medically determinable impairments: "status post lumbar laminectomy /discectomy surgery, ankle sprain, right L5 radiculopathy and depression." (Id.)   However, the ALJ found that Plaintiff's impairments did not meet or equal an impairment listed in the Listing of Impairments. (Id.)   The ALJ also found that Plaintiff's testimony regarding her limitations was not entirely credible. (Id.)  The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary exertional level work prior to her DLI.[2] (T 18)  The ALJ determined that Plaintiff's impairments did not prevent Plaintiff from performing her past relevant work as an office manager and clerk. (Id.)  Therefore, the ALJ determined that Plaintiff was not under a disability and was thus not entitled to disability benefits.

---

[2]   Pursuant to 20 C.F.R. § 404.1567(a), sedentary work is described as follows: "sedentary work involves lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary  in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."

(<u>Id.</u>)

The Appeals Council denied Plaintiff's request for review. (T 2-5)[3] Accordingly, the Appeals Council allowed the ALJ's decision to stand.

Plaintiff argues that the Commissioner erred by (1) failing to consider Plaintiff's impairments alone and in combination; (2) failing to appropriately assess the weight accorded to Plaintiff's medical evidence, specifically Plaintiff's treatment records; (3) according insignificant weight or credibility to Plaintiff's testimony; (4) failing to consider the side effects of Plaintiff's medications; (5) not addressing the testimony of Plaintiff's mother, Jane Stone; and (6) failing to assess the requirements of Plaintiff's past work and fully evaluate her mental and physical restrictions (Dkt. 13 at 1-19).[4]

The medical evidence has been summarized in the decision of the ALJ and will not be repeated here except as necessary to address the issues presented.

**II.**

**A.**   Plaintiff contends that the ALJ failed to consider Plaintiff's impairments alone and in combination as required by <u>Hudson v.</u>

---

[3]   The Appeals Council's denial of Plaintiff's request for review is undated. (T 2-5)

[4] The court has rearranged the order of Plaintiff's arguments as presented in her memorandum of law for clarity purposes. (Dkt. 13 at 2).

4

Heckler, 755 F.2d 781, 785 (11th Cir. 1985) and other Eleventh Circuit cases.

In the second step in the five step sequential analysis the ALJ must determine whether a claimant has a severe impairment.[5] See 20 C.F.R. § 404.1520©). In evaluating a claimant's impairments and whether they are sufficiently severe, the ALJ is required to consider the combined effect of all of the claimant's impairments. See 42 U.S.C. § 423(d)(2)(B). The ALJ must make "specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled." Walker v. Bowen, 826 F.2d 996, 1001 (11th Cir. 1987) (citation and internal quotes omitted). Where there is more than one impairment, the claimant may be considered disabled, even though the individual impairments would not have rendered Plaintiff disabled. Id. Failing to evaluate Plaintiff's impairments in combination, the weight accorded the impairments, and the reasons for the ALJ's decisions is reversible error. See Gibson v. Heckler, 779 F.2d 619, 621 (11th Cir. 1986).

The ALJ did not expressly consider and weigh the combined effect of Plaintiff's impairments. Also, entirely missing from the ALJ's decision is any of the language which the Eleventh Circuit

---

[5]  A severe impairment is considered to be any impairment or combination of impairments which significantly limits a claimant's physical or mental ability to do basic work activities. See 20 C.F.R. § 404.1520©).

has held signifies that the Commissioner has properly evaluated the combined effects of Plaintiff's impairments, both severe and non-severe.   (T 13-18)   <u>See</u>, <u>e.g.</u>, <u>Jones v. Dept. Health & Human Services</u>, 941 F.2d 1529, 1533 (11th Cir. 1991); <u>Wheeler v. Heckler</u>, 784 F.2d 1073, 1076 (11th Cir. 1986).

The ALJ found that Plaintiff had severe impairments due to status post lumbar laminectomy/discectomy surgery, ankle sprain, right L5 radiculopathy and depression. (T 17)

It is apparent that the Commissioner did not properly consider the effects of all of Plaintiff's impairments alone and in combination.   The Commissioner concedes as much in her memorandum of law but concedes that it was harmless error.[6] This court disagrees.   Mention of only some of the medical evidence confirms this conclusion.

Plaintiff's treating physician, David Siegel, M.D. ("Dr. Siegel") documented that Plaintiff felt light-headed and was having panic attacks in December, 1995. (T 100)   Meanwhile, the ALJ referred to Dr. Siegel's having seen Plaintiff for a psychiatric evaluation; however, Dr. Siegel saw Plaintiff for a physiatric consultation. (T 14, 105)   Physiatric medicine is similar to physical therapy and physical medicine while a psychiatric

_____

[6] "The Commissioner concedes that it is unclear from a review of the ALJ's decision whether he considered Plaintiff's impairments in combination.   However, the Commissioner submits that this oversight in the decision is no more than harmless error . . . ." (Dkt. 14 at 10).

consultation looks at a patient's mental health and prescribes medication in that area.[7]   Since a physiatric doctor deals with the body and a psychiatrist evaluates the mind, the two are not so similar as to be used interchangeably.

In addition, Plaintiff's treating psychologist, Cynthia A. Bailey, Ph.D. ("Dr. Bailey") documented that Plaintiff was suffering from severe anxiety during four separate office visits from November, 1995 until March 20, 1997. (T 115-121)   Another of Plaintiff's treating psychologists, Richard M. Capriotti, Ph.D. ("Dr. Capriotti") also reported on three occasions that Plaintiff was either "a bundle of nerves," "anxious and tearful," or suffering from panic attacks. (T 122-124)   In addition, at the administrative hearing, Plaintiff's attorney referenced the fact that Plaintiff had panic and anxiety attacks. (T 213)   Despite multiple references to Plaintiff's panic and anxiety attacks, the ALJ failed to discuss these alleged impairments in the decision. (T 13-18)

In addition, Plaintiff contends that the ALJ failed to consider the side effects of medication Plaintiff was taking.   A

---

[7]   According to <u>Dorland's Illustrated Medical Dictionary</u> 1016 (26th ed. 1985), "physiatrics" is "that branch of medicine which deals with the diagnosis, treatment, and prevention of disease with the aid of physical agents, such as light, heat, cold, water, and electricity, or with mechanical apparatus; physical medicine." "Psychiatry," on the other hand, "is that branch of medicine which deals with the study, treatment, and prevention of mental illness. <u>Id.</u> at 1090.

number of prescription medications are included in Plaintiff's medical history. ( See e.g. T 56, 64, 72, 74, 77-106, 118, 135, 150, 158, 166, 180-181, 204-205)  The ALJ mentions only Percocet, Soma, and Loratab in his decision but does not discuss side effects.  (T 16)  At the administrative hearing, Plaintiff explained, "Also the medication that I take to control it [the pain] interferes, predominantly with the concentration.  I get drowsy from it . . . I have a lot of cramping, a lot of constipation . . ." (T 217)    The ALJ never mentioned any of Plaintiff's alleged side effects when determining Plaintiff's RFC and credibility. (T 13-18) By failing to discuss the side effects of Plaintiff's medications, the ALJ failed to consider all of Plaintiff's impairments.  See generally Walker 826 F.2d at 1001. The ALJ's failure to discuss Plaintiff's combination of impairments and medication side effects was an error of law at step two of the requisite five step analysis.  See 42 U.S.C. § 423(d)(2)(B) (Step two requires the ALJ to consider the combined effect of all of the claimant's impairments when determining whether a claimant's impairments are sufficiently severe).  Because the Commissioner did not provide sufficient information upon which the reviewing court could determine that the correct legal principles were applied, this case must be reversed and remanded for further proceedings, Gibson, 779 F.2d at 621, in order for the correct legal standard to be applied.  See Davis, 985 F.2d at 534.

**B.**   An additional argument raised by Plaintiff concerns the ALJ's failure to evaluate the testimony of Plaintiff's mother, Jane Stone, who testified at the administrative hearing about her daughter's impairments and daily activities, specifically the pain and restricted movement Plaintiff experiences.  (T 233-241)  The ALJ's decision fails to address Ms. Stone's testimony.

It is incumbent on the ALJ to make credibility findings as to claimant's testimony and any lay witnesses who testify for her. See generally Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). As Plaintiff's credibility was a central feature of the ALJ's decision, the supportive testimony of her mother should not have been ignored.  Among other things, Plaintiff's mother testified that Plaintiff spends about six hours a day lying down "in small increments." (T 234)  She also testified that her daughter cannot sit or stand for any length of time and cannot bend or lift and has a "lack of concentration." (T 237)  On remand, the Commissioner shall also specifically evaluate the testimony of Jane Stone in terms of the issues remaining for consideration, including Plaintiff's subjective complaints and credibility.

If remand is required on some of the issues raised in the case, it may be unnecessary to review other objections to the ALJ's conclusion.  See generally Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986).  Since the case must be remanded on Plaintiff's arguments one through four, the court need not address

9

issue five, especially as the ALJ's findings could change on remand.

## Conclusion

While concluding that remand for further fact-finding is necessary due to errors at the administrative level, this court expresses no views as to what the outcome of the proceedings should be. At the reopened hearing each party should have the opportunity to submit additional evidence.

Accordingly and upon consideration, it is **ORDERED** and **ADJUDGED** that:

(1) the decision of the Commissioner denying benefits is **REVERSED;** and this case is **REMANDED** for further administrative proceedings consistent with the foregoing discussion; and

(2) the Clerk of Court shall enter final judgment pursuant to 42 U.S.C. § 405(g) and direct this case be closed as this is a "sentence four remand." See Shalala v. Schaefer, 509 U.S. 292, 302-303 (1993); Newsome v. Shalala, 8 F.3d 775, 779-780 (11th Cir. 1993).

**DONE AND ORDERED** in Tampa, Florida on this 27th day of September, 2005.

ELIZABETH A JENKINS
United States Magistrate Judge