**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JUDITH L. STONE**,

    Plaintiff,

vs.	**Case No. 8:04-CV-1486-T-23EAJ**

**JO ANNE B. BARNHART**,
Commissioner of Social Security

    Defendant.
_____/

**ORDER**

Before the court are Plaintiff's **Motion for Attorney's Fees and Costs** (Dkt. 17), filed December 27, 2005, and the parties' **Joint Stipulation** (Dkt. 18), filed January 11, 2006. In the Joint Stipulation, the parties request that Plaintiff's Motion for Attorney's Fees and Costs be dismissed under the condition that Defendant pay $4,000.00 in attorney's fees to Plaintiff's counsel and $175.00 in costs.[1] Plaintiff agrees to this amount and to the dismissal of her motion for attorney's fees and costs. (Dkt. 18 at 1). As will be discussed <u>infra</u>, Plaintiff has satisfied all jurisdictional requirements for this court to grant the parties' agreed amount for attorneys' fees.

The EAJA permits an award of "fees and other expenses" to an individual who prevails in a suit in which the government is a party and the government's litigating position was not "substantially justified," unless special circumstances make an award unjust. § 2412(d)(1)(A). This

---

[1] In her motion for attorney's fees and costs (Dkt. 17), Plaintiff requested $4,864.60 in attorney's fees and $175.00 in costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (1992). The amount for attorney's fees represents 33.70 hours of work by attorney Marjorie A. Schmoyer at a rate of $144.35 per hour. The amount for costs includes a $150.00 court filing fee and $25.00 for service of process by the court. Apparently, the parties have agreed that these amounts are no longer sought by Plaintiff because of the later-filed stipulation which states a lesser amount of attorney's fees.

court's order remanding this case to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g) (Dkt. 15) entitles Plaintiff to prevailing party status under the EAJA because Plaintiff obtained a "sentence four" judgment. Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993). In this case, the government's position was not substantially justified.

The EAJA requires a party seeking an award of fees to submit an application for such fees to the court "within thirty days of final judgment in the action." § 2412(d)(1)(B). The EAJA defines "final judgment" as a judgment that is "final and not appealable." § 2412(d)(2)(G). Thus, in sentence four cases, the period for requesting an award of fees begins after the final judgment is entered by the court and the appeal period has run, so that the judgment is no longer appealable. Schaefer, 509 U.S. at 298; See also Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991); Boronat v. Sullivan, 788 F. Supp. 557, 559-60 (S.D. Fla. 1992) (thirty-day period for filing EAJA application for attorney's fees begins after the court enters final judgment and the sixty-day appeal period has run).

Judgment for Plaintiff was entered on September 28, 2005 (Dkt. 16), and Plaintiff's motion for attorneys' fees (Dkt. 17) was filed on December 27, 2005. At the time Plaintiff filed her motion, the sixty-day appeals period had run and the court's remand order was the final judgment and no longer appealable. Plaintiff filed her motion within the thirty-day period allowed under the EAJA. Accordingly, Plaintiff's motion was timely filed, and this court has jurisdiction to award the requested fees.

Moreover, as the parties stipulate to the amount of attorney's fees in their Joint Stipulation (Dkt. 18), the court finds it unnecessary to determine whether Plaintiff's application, if contested, otherwise complies with the EAJA. This court will therefore grant the parties' request to dismiss

Plaintiff's motion for attorney's fees and costs, with the conditions noted in the Joint Stipulation, i.e., that Defendant pay to Plaintiff's counsel $4,000.00 in attorney's fees and $175.00 in costs.

Accordingly and upon consideration, it is **ORDERED** and **ADJUDGED** that:

1. The **Joint Stipulation** (Dkt. 18) request to dismiss Plaintiff's motion for attorney's fees and costs is **GRANTED**, and Defendant shall pay Plaintiff's counsel the agreed amounts of $4,000.00 in attorney's fees and $175.00 in costs.

2. Plaintiff's **Motion for Attorney's Fees and Costs** (Dkt. 17) is **DENIED as moot.**

**DONE** and **ORDERED** in Tampa, Florida this 12th day of January, 2006.

_____
ELIZABETH A JENKINS
United States Magistrate Judge